IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DENNIS ROBERTS,** | : |
| **Plaintiff,** | : Civil Action File No. |
| | : 1:22-cv-04972-SCJ |
| vs. | : |
| **WILLARD WRECKER SERVICE, INC., and JIMMY WILLARD,** | : |
| **Defendants.** | : |

**JOINT MOTION FOR COURT APPROVAL
OF FLSA SETTLEMENT AND RELEASE AGREEMENT**

COME NOW, Dennis Roberts, the Plaintiff herein, and Willard Wrecker Service and Jimmy Willard. the Defendants herein, (collectively referred to as the "Parties") and hereby file this Joint Motion For Court Approval Of FLSA Settlement And Release Agreement.

### I.  INTRODUCTION

Plaintiff filed this lawsuit on December 16, 2022 as an individual FLSA action alleging claims for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1.). Over the past several weeks, the Parties engaged in arms-length settlement negotiations through their respective counsel. After exchanging information relevant to this case, the Parties were able to assess the

potential for liability and damages, as well as the potential defenses available to the Defendants, and reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding to trial. Having reached an agreement to settle this dispute, the Parties respectfully request the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.     MEMORANDUM OF LAW

The Parties request the Court review and approve the Settlement Agreement so the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable

resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties stipulate they had a *bona fide* dispute and the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in his Complaint a claim for alleged unpaid overtime wages in connection with his former employment with Defendant Willard Wrecker, Inc.. The Parties dispute Plaintiff's "employee" and exemption status and whether Plaintiff was exempt from overtime wage requirements under the FLSA. The Parties further dispute that, even if Plaintiff was not an exempt employee under the FLSA, whether and to what extent Plaintiff worked any unpaid overtime relating to the services he provided to Defendants. The Parties also dispute whether liquidated damages are appropriate.

Despite their disagreement over liability and the extent, if any, of recoverable damages, the Parties agree that the settlement reached through their negotiations represent a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the Parties discussed and took into consideration factors such as the amount of claimed damages, the evidence supporting their respective positions

regarding liability and damages and Plaintiff's compensation level to determine the potential damages available to Plaintiff. While the Parties still dispute liability and the extent, if any, of available damages, the Parties were able to reach a compromise of their positions during settlement negotiations. The Parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if he is successful.[1]

Plaintiff contends he provided tow truck driver services to the Defendants from June 2021 through November 3, a total of 17 weeks. Plaintiff contends he was improperly classified as an independent contractor. He further contends he was compensated $200 for each day shift worked (M-F); $225 for each night shift worked (M-F); and $225 for each shift worked Saturday and Sunday. Plaintiff further contends he was scheduled to work alternating schedules of ten (10) shifts one week and eight (8) shifts the next week, and he worked 12 hours during each work shift, and sometimes worked in excess of 12 hours during a work shift. He contends he

---

[1] The Parties note that they have entered into a separate Settlement Agreement that includes a mutual release of claims as well as other provisions and is supported by separate and independent consideration. The parties' separate Agreement contains a confidentiality provision, which expressly **does not** apply to the FLSA Settlement and Release Agreement in this matter and any claim released in this action. Nonetheless, if the Court desires to review the Parties' separate Agreement, the Parties respectfully request that any such review be through an *in camera* inspection to preserve the confidential nature of that settlement. In addition to the settlement of this FLSA suit, the Parties desire a complete parting of ways.

usually working at least 120 hours during each work week wherein he worked 10 shifts, and 96 hours wherein he worked 8 shifts. Based on the foregoing, Plaintiff alleges his maximum potential overtime if he prevailed on all issues in the litigation, would be $25,056.36, exclusive of liquidated damages and attorneys' fees.

Defendant Williard Wrecker Service, Inc. contends it is a common motor carrier as defined by 49 USC Section 13102(14) and is involved in interstate commerce, making its employees subject to regulations of the department of transportation, not the department of labor. Defendants contend Plaintiff's action is barred as Plaintiff operated a commercial motor vehicle with a gross vehicle weight rating of over 10,001 pounds and is subject to an exception under 29 USC Section 213(b)1. Further, Defendants contend Plaintiff was properly classified as an independent contractor. Defendant Jimmy Willard contends he is not a proper party to this litigation and the basis for Plaintiff's claims were never made or executed by Defendant Willard. Defendants further strongly dispute Plaintiff worked the number of hours he claims to have worked.

Pursuant to the settlement, Plaintiff is to receive the gross amount of Sixteen Thousand Nine Hundred Dollars and Zero Cents ($16,900.00), subject to wage withholdings on half this amount. Plaintiff's counsel will receive $23,000.00 in

attorneys' fees and expenses. The parties negotiated the amount going to Plaintiff separately from fees, before negotiating the fees to be paid to Plaintiff's counsel.

### III. CONCLUSION

The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release all wage-related claims against Defendants in exchange for fair and reasonable consideration. Plaintiff's counsel and Defendants' counsel represent that the settlement entered into by the Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all Parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 5th day of December, 2023.

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** | **THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.** |
| */s/ Mitchell D. Benjamin* | */s/J. Patrick O'Brien* |
| Michael A. Caldwell | J. Patrick O'Brien |
| Georgia State Bar No. 102775 | Georgia State Bar No. 548612 |
| Mitchell D. Benjamin | Michael B. Pugh |
| Georgia State Bar No. 049888 | Georgia State Bar No. 150170 |
| DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC | Thompson, O'Brien, Kappler & Nasuti, P.C. |
| 101 Marietta Street, NW | 2 Sun Court, Suite 400 |
| 2650 Centennial Tower | Peachtree Corners, GA 30092 |
| Atlanta, GA 30303 | (770) 925-0111 |
| (404) 979-3154 | (770) 925-8597 – facsimile |
| (404) 859-0754 - facsimile | pobrien@tokn.com; mpugh@tokn.com |
| michaelcaldwell@dcbflegal.com | *Attorneys for Defendants* |
| benjamin@dcbflegal.com | |
| *Counsel for Plaintiff* | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 5th day of December, 2023.

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia State Bar No. 049888

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DENNIS ROBERTS,** : | |
| : | **Civil Action File No.** |
| **Plaintiff,** : | |
| : | **1:22-cv-04972-SCJ** |
| vs. : | |
| : | |
| **WILLARD WRECKER SERVICE,** : | |
| **INC., and JIMMY WILLARD,** : | |
| : | |
| **Defendants.** : | |

## CERTIFICATE OF SERVICE

I certify that on this date I filed the foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: December 5, 2023

**DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC**

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888